1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEYERHAEUSER CORPORATION, a
Washington Corporation,

Plaintiff,

v.

FIREMAN'S FUND INSURANCE
CORPORATION, a California Corporation

Defendant.

No. C06-1189MJP

ORDER DENYING
WEYERHAEUSER'S MOTION FOR
SUMMARY JUDGMENT

14

15

16

17

    This matter comes before the Court on a motion for summary judgment by Plaintiff

Weyerhaeuser Corporation ("Weyerhaeuser"). (Dkt. No. 40). Having reviewed the record and the

documents submitted by the parties and having heard oral argument on this matter, the Court

**DENIES** Plaintiff's motion.

18

19

20

21

22

23

24

25

    Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City

of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying

facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the

initial burden to show the absence of a genuine issue concerning any material fact. Adickes v. S.H.

ORDER - 1

1  Kress & Co., 398 U.S. 144, 159 (1970).  Once the moving party has met its initial burden, the burden

2  shifts to the nonmoving party to establish the existence of an issue of fact regarding an element

3  essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex

4  Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving party cannot

5  rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial.  Id.

6  at 324.

7          Defendant Fireman's Fund has raised several legitimate factual disputes in this case, making

8  this motion for summary judgment not well taken.  Moreover, Weyerhaeuser presented its motion in

9  the form of an omnibus request for relief in 28 separate insurance coverage cases.  Each of these cases

10  is factually distinctive, and they often rely on different insurance policies issued by Fireman's Fund.

11  Weyerhaeuser has not demonstrated, on a case-by-case basis, that it is entitled to summary judgment.

12          As discussed at oral argument, the parties are directed to produce to the Court by May 24,

13  2007 a plan for their July 10, 2007 meeting.  The plan should include the cases to be discussed at the

14  meeting, how documents will be exchanged to complete the file for each case, and the order of

15  discussion.  If there are factual disputes, the plan should also address how discovery will be

16  implemented for factual dispute resolution.  The parties shall also coordinate the filing of cross-

17  motions for summary judgment on purely legal disputes.  To avoid redundant briefing, the Court

18  typically dispenses with reply briefs when parties file cross-motions for summary judgment.  If the

19  parties file cross-motions, they are directed to file opening briefs of no more than 24 pages and

20  response briefs of no more than 24 pages.  No reply briefs for cross-motions are to be filed unless

21  directed by the Court, except as necessary to respond to a motion to strike as provided by Local CR

22  7(g).

23  //

24  //

25  //

ORDER - 2

1    The Clerk is directed to send copies of this order to all counsel of record.

2    Dated:   May 11, 2007.

3

                                       s/Marsha J. Pechman

4                                           Marsha J. Pechman
                                       United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 3