UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEYERHAEUSER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendant<br><br>and<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>GENERAL INSURANCE COMPANY OF AMERICA; NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, and OLD REPUBLIC INSURANCE COMPANY,<br><br>Third-Party Defendants. | Case No. C06-1189MJP<br><br>ORDER GRANTING FIREMAN'S FUND'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PREJUDGMENT INTEREST AND DENYING WEYERHAEUSER'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PREJUDGMENT INTEREST |

This matter comes before the Court on cross-motions for partial summary judgment regarding prejudgment interest. (Dkt. Nos. 76, 78.) On December 18, 2007, the Court heard oral argument on the motions and issued an oral ruling. Having considered all of the papers filed by the parties and the record herein, and consistent with the Court's oral ruling, the Court DENIES Weyerhaeuser's cross-motion and GRANTS Fireman's Fund's cross-motion, and ORDERS as

ORDER — 1

1  follows:

2  (1)     Although prejudgment interest on liquidated claims is ordinarily a matter of right, the right
3  is not absolute and "trial judges have discretion to disallow such interest during periods of
4  unreasonable delay in completing litigation that is attributable to claimants." Colonial Imports, 83
5  Wn. App. 229, 246 (1996). The Court exercises its discretion here and limits the prejudgment
6  interest award.

7  (2)     In the mid-1980's, Weyerhaeuser and Fireman's Fund informally agreed that
8  Weyerhaeuser would handle all asbestos liability claims and would seek reimbursement after the
9  claims were resolved for the indemnity payments and defense costs minus deductibles and subject
10 to policy limits. Because of their unique relationship, Fireman's Fund could not reimburse
11 Weyerhaeuser until it had enough information to process the reimbursement requests.

12 (3)     For all asbestos bodily injury claims processed under Fireman's Fund's policies,
13 prejudgment interest runs from the first date that Weyerhaeuser provided to Fireman's Fund the
14 following information:

15      (a) For indemnity amounts:
16          (i)    a request for reimbursement;
17          (ii)   documentation of the settlement amount paid, including the settlement
18                 invoice and cancelled check; and
19          (iii)  selection of a policy year in which to process the claim.
20      (b) For defense costs:
21          (i)    a request for reimbursement;
22          (ii)   documentation of the defense costs paid, including invoices and cancelled
23                 checks;
24          (iii)  selection of a policy year in which to process the claim; and
25          (iv)   the underlying indemnity amount.

26 (4)     Prejudgment interest will run from the thirty-first day after Weyerhaeuser provided all of
27

ORDER — 2

1 information necessary for Fireman's Fund to process the reimbursement request (i.e., the

2 information listed in (3)(a) or (3)(b) above) until the date Fireman's Fund issued payment.

3 5)  The parties are directed to meet and confer and attempt to reach agreement on when, for

4 each of the twenty-seven claims, Weyerhaeuser provided all of the information necessary for

5 Fireman's Fund to process the reimbursement request.  If the parties fail to reach full agreement,

6 the parties may bring renewed cross-motions regarding those claims on which disagreement

7 remains.

    The clerk is directed to send copies of this order to all counsel of record.

    Dated this 18th  day of December, 2007.

/s/ Marsha J. Pechman

Marsha J. Pechman
United States District Judge

ORDER — 3