1

2

3

4                                    UNITED STATES DISTRICT COURT
                                    WESTERN DISTRICT OF WASHINGTON
5                                              AT SEATTLE

6

7       WEYERHAEUSER COMPANY,

8                           Plaintiff,                          No. C06-1189MJP

9       v.                                                      ORDER DENYING MOTION FOR
                                                                RECONSIDERATION
10      FIREMAN'S FUND INSURANCE COMPANY,

11                          Defendant

12      and

13      FIREMAN'S FUND INSURANCE COMPANY,

14                          Third-Party Plaintiff,

15

16      v.

17      GENERAL INSURANCE COMPANY OF
        AMERICA; NORTHWESTERN NATIONAL
18      INSURANCE COMPANY OF MILWAUKEE,
        WISCONSIN, and OLD REPUBLIC
19      INSURANCE COMPANY,

20                          Third-Party Defendants.

21

22

23          This matter comes before the Court on Fireman's Fund's motion for reconsideration. (Dkt.

24      No. 123.)  Fireman's Fund asks the Court to reconsider its December 17, 2007, order granting

25      Weyerhaeuser's Motion for Partial Summary Judgment Regarding Allocation to Fronting Policies and

26      denying Fireman's Fund's Cross Motion for Partial Summary Judgment Regarding Insurance Policies

        ORDER - 1

1   Issued by Third Party Defendants. (See Dkt. No. 118.)  On January 10, 2008, the Court called for a

2   response to the motion for reconsideration. (Dkt. No. 127.)  Weyerhaeuser has filed a brief in

3   opposition (Dkt. No. 133), as have General Insurance and Northwestern National (Dkt. Nos. 134 &

4   136).  Fireman's Fund filed a reply. (Dkt. No. 138.)  Having considered these briefs and the record

5   herein, the Court DENIES the motion for reconsideration.

6           In this district, motions for reconsideration are disfavored.  The Court will ordinarily deny

7   such motions in the absence of a showing of manifest error in the prior ruling or a showing of new

8   facts or legal authority which could not have been brought to its attention earlier with reasonable

9   diligence.  Local Civil Rule 7(h).

10          In the Court's December 17 order, the Court found that Weyerhaeuser had entered into "side

11  agreements" and unique deductible arrangements with some of its insurers (the third party

12  defendants) that left Weyerhaeuser effectively uninsured from 1978-89.  The court concluded that the

13  side agreements and deductible arrangements rendered the insurance policies "fronting policies" and

14  that Fireman's Fund could not seek contribution from any of the third party defendant insurers

15  because Washington law prohibits allocation between a regular insurer and fronting policy insurer.

16          Fireman's Fund argues that the policies issued by the third party defendant insurers General

17  Insurance and Northwestern National are not "fronting policies" because "there are distinct times

18  within the General Insurance and Northwestern National policy periods when side agreements were

19  not in effect and matching deductibles were not in place."[1] (Def's Mot. at 1.)  Fireman's Fund argues

20  that because the "side agreements" to the General Insurance and Northwestern National insurance

21  policies were executed after the commencement date of the respective policies, there is a window of

22  time — between the policy commencement date and the side agreement execution date — for which

23  Weyerhaeuser was actually insured.

24

25

26          [1]      Fireman's Fund does not contest that third party defendant insurer Old Republic issued
        a policy that meets the Court's definition of fronting policy.  The Old Republic agreements are not at
        issue in this motion.

ORDER - 2

1   The General Insurance ("Safeco") policies provided $1,000,000 per occurrence bodily injury

2   and property damage coverage from January 1, 1978 though January 1, 1985. (Dkt. No. 73,

3   McDougall Decl., Ex. A.)  The Safeco "side agreement" was executed on May 11, 1978, and states in

4   relevant part:

5                                   Article III
                          Recitals and Background Information

6                                      ***

7
        Section 3.04.  Weyerhaeuser desires to act as a self-insurer in all states, but does
8   not desire to meet the conditions which it would be required to fill in order to qualify
    as such.  Therefore, Weyerhaeuser has requested SAFECO to issue its policy of
9   insurance providing bodily injury liability and property damage liability coverages, for
    both motor vehicle and non-motor vehicle activities, in the form and containing the
10  terms required by the various states regulatory bodies and to file such certificates of
    insurance and related documents as are appropriate in order to enable Weyerhaeuser to
11  obtain and retain a permit to operate its motor vehicles on the public highways and to
    engage in such other activities as are pertinent to its business operations.

12                                  Article IV
                          Liability Insurance; Indemnification
13

14      Section 4.01.  SAFECO agrees to issue its policy of insurance providing bodily
    injury liability and property damages liability coverages for both motor vehicle and non-
15  motor vehicle activities . . . .  The premium for each policy shall be THIRTEEN
    THOUSAND FIVE HUNDRED Dollars per year.
16
        Section 4.02.  SAFECO hereby waives all provisions of any policy to be issued
17  by it for Weyerhaeuser Company and various named insureds thereunder pursuant to
    this agreement which are inconsistent with the intent or terms of this agreement —
18  such, for example, as the conditions requiring Weyerhaeuser to notify SAFECO of
    accidents. Weyerhaeuser and SAFECO agree that the adjustment, payment and defense
19  of claims against Weyerhaeuser arising out of an occurrence covered by the policy, shall
    be the sole responsibility of Weyerhaeuser, and that SAFECO shall not incur any
20  expense therefor chargeable to or reimbursable by Weyerhaeuser unless and until an
    action be brought against SAFECO asserting a liability arising out of or because of the
21  issuance of the policy herein provided for.

22      Section 4.03.  Weyerhaeuser agrees to indemnify and hold harmless SAFECO
    from all loss, cost and expense . . . sustained or incurred by SAFECO by reason of the
23  execution and continuance in force of said insurance policy or any extension or renewal
    thereof . . . .
24

25  (Dkt. No. 73, McDougall Decl., Ex. D) (emphasis added).

26

ORDER - 3

1    The Northwestern National policy (Policy No. CLA 255740) provided $1,000,000 in bodily

2    injury and property damage coverage from January 1, 1985 to January 1, 1986. (Id., Ex. B.)  On

3    February 1, 1985, Weyerhaeuser signed a "Hold Harmless Agreement" that stated, in relevant part:

4          In consideration of Northwestern National Insurance Company of Milwaukee,
           Wisconsin issuing policies numbered CLA 25-57-40, CLA 25-57-42 and CLA 25-57-43
5          effective 1-1-85 and any subsequent renewal policies issued to Weyerhaeuser Company,
           Weyerhaeuser Company hereby agrees that no losses will be reported under these
6          policies.  If a loss should be reported, Weyerhaeuser Company agrees to indemnify and
           reimburse the Northwestern National Insurance Company for any and all losses and/or
7          expenses paid on account of such loss.

8          ***

9          If is further agreed that in consideration of the fact that the Northwestern National
           Insurance Company will, from time to time, be required to file certificates of Insurance
10         with various regulatory authorities certifying coverage under the above policies and
           renewals thereof, Weyerhaeuser Company agrees to indemnify and reimburse the
11         Northwestern National [sic] for any and all losses and/or expenses incurred by virtue
           of these certificates.

12

13   (Id., Ex. E) (emphasis added).

14          Both of these agreements make clear that, throughout their respective policy periods, Safeco

15   and Northwestern National were not insuring Weyerhaeuser in the traditional sense.  In terms of the

16   Safeco policy, Weyerhaeuser agreed that it would be solely responsible for "the adjustment, payment

17   and defense of claims against Weyerhaeuser arising out of an occurrence covered by the policy."

18   (Emphasis added.)  Likewise, in terms of the Northwestern National policy, Weyerhaeuser agreed not

19   to report any losses under the CLA 25-57-40 policy and agreed to reimburse and indemnify

20   Northwestern National for any and all losses and/or expenses paid on account of such loss.  Thus,

21   Weyerhaeuser agreed to defend and pay for all claims covered by both policies.  The purpose of these

22   agreements is also clear — Weyerhaeuser desired to self-insure but needed the insurance policies to

23   satisfy regulatory authorities.  Nothing in the agreements suggests that the fronting period was limited

24   to the period of time after the execution of the side agreements.  To the contrary, the only reasonable

25   interpretation of the language and stated purposes is that Weyerhaeuser intended to self-insure for the

26   entirety of the underlying insurance policy periods.

ORDER - 4

1    Therefore, the Court did not manifestly err when it concluded in its original order that "the

2  side agreements appear to be effective for the entirety of the policy period." (Order at 3 n.1.)  The

3  motion for reconsideration is DENIED.[2]

4    The Clerk is directed to send copies of this order to all counsel of record.

5    Dated this 8th day of February, 2008.

6

7                                       Marsha J. Pechman
                                        United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    [2]    Because the Court rejects Fireman's Fund's argument on the merits, the Court need not
decide whether Fireman's Fund waived this argument by not raising it in its summary judgment briefing.

ORDER - 5